(11 Misc. Rep. 232.)

### BRIGDEN v. OSMUN.

(Circuit Court, Cayuga County. January, 1895.)

NEW TRIAL—INSTRUCTIONS—MISAPPREHENSION OF TESTIMONY.

A new trial will be granted where an instruction is given based on the misapprehension of the testimony, though no exception was taken, and no request made for a proper instruction.

Action by William Brigden, as executor, against Charles H. Osmun. There was verdict in favor of defendant, and plaintiff moves for a new trial on the minutes. Granted.

S. Edwin Day, for the motion.
Dean & Horton, opposed.

ADAMS, J. This case is certainly a most remarkable one, in whatever aspect it is viewed. The circumstances upon which the plaintiff relies to maintain his action are exceptional, and no less so are those urged in support of this motion. The action is brought to recover moneys which the plaintiff claims are owing the estate of his deceased wife from the defendant, who was her former husband, from whom she had obtained a divorce; and the amount claimed is to reimburse the wife's estate in part for moneys which she, in her lifetime, or the plaintiff since her death, was compelled to refund to the estate of the former's father in compliance with an adjudication declaring her guilty of a fraud which it is virtually conceded was conceived and executed by the defendant. The evidence adduced upon the trial discloses several other facts which tend to stamp the case as decidedly unique, but it is hardly necessary that they should be considered upon this application. It appears, however, that the trial of the action was quite as unconventional as were the proceedings already adverted to, for the case was submitted to the jury, with the tacit, if not open, assent of both parties, upon an issue which was not raised by the pleadings, although it was the only one which presented any question of fact. Moreover, it now appears that the jury was permitted and instructed to consider such question upon a clear misapprehension of the evidence, to which instruction not only was no exception taken by the plaintiff's counsel, but the attention of the court was not even directed to the error which it is now claimed was com-

mitted. The uncontradicted evidence discloses that upon the 30th July, 1880, the plaintiff's testatrix and the defendant entered into an agreement by the terms of which the defendant undertook to prevent the probate of the will of Milo Pierce, the father of the testatrix. The expenses of all proceedings and litigation made necessary by this undertaking were to be borne by the testatrix, and the defendant was to receive one-half of the net avails by way of compensation or reward for his services in her behalf. The undertaking proved a successful one, to this extent at least: that a compromise was effected between those interested in the estate of Milo Pierce, in consequence of which plaintiff's testatrix received several thousand dollars in excess of what she would have been entitled to had her father's estate been disposed of in accordance with the terms of his will. Unfortunately, however, one of the heirs was a minor at the time the settlement and distribution were made, and, upon arriving at her majority, instead of ratifying the same, she repudiated it, and brought an action which resulted in the adjudication hereinbefore mentioned. Upon the determination of this action, plaintiff's testatrix was compelled to restore the sum of $1,800 in satisfaction of her share of the judgment entered therein, and, after her decease, the plaintiff was obliged to pay over to the administrator of the estate of Milo Pierce the additional sum of $643.23, to make good his wife's proportion of the amount required by such administrator to meet some unexpected debts and expenses of the estate, and it is to recover one-half of these two sums that this action is brought. Upon the trial considerable evidence was introduced tending to show that, whatever claim or right Mrs. Brigden may have had to demand contribution from the defendant, she had in her lifetime either settled with him or forgiven him the debt; and upon this issue the jury found in favor of the defendant. The case was tried upon the supposition that both of the sums hereinbefore specified were paid over or refunded by Mrs. Brigden in her lifetime. Indeed, the plaintiff's own witness Kellogg was asked by plaintiff's counsel how much Marania—the testatrix—paid to make good the deficiency in the Milo Pierce estate, and he answered, "She paid one-fifth,—$643.23." Acting upon the assumption that this was literally true, the jury was instructed, in substance, that plaintiff was entitled to recover both amounts, if anything, and that, on the other hand, if the defendant had been released from any claim for contribution, by Mrs. Brigden in her lifetime, such release embraced the sum last mentioned as well as the larger sum; and such instruction was apparently acquiesced in by plaintiff's counsel. But the attention of the court is now directed to the fact that this sum was not paid until after the decease of plaintiff's testatrix, and that when the witness Kellogg testified that Marania paid one-fifth he doubtless meant that the estate paid that amount, because at the time it was paid she was dead, and therefore could not have paid it in person. This being the case,—as it unquestionably is,—it necessarily follows that, through a misapprehension of the testimony of the witness Kellogg, by both court and jury, a verdict has been rendered which is against

the evidence, because it is quite impossible to give to such evidence a construction which would have warranted the jury in reaching the conclusion that the release or discharge of any claim which existed against defendant in favor of his former wife would operate to include any which might thereafter arise in favor of her estate. In the agreement of December 13, 1880, which was participated in and executed by defendant as attorney for his wife, it was provided that each of the beneficiaries should pay one-fifth of any deficiency which might arise in the settlement of the estate of Milo Pierce. It would seem, therefore, that the plaintiff was not only bound to make good the share of his wife in whatever deficiency might exist, but that, in view of the defendant's contractual relations with his wife and with her cobeneficiaries, as well as with the estate of her father, he was also justified in calling upon him to contribute his proportionate part of such share, or one-half thereof. It is quite possible that some adequate defense to such a claim might be furnished upon another trial, when the question is fairly raised, but none has been suggested as yet; and it may be that evidence can be furnished which will warrant the inference that Mrs. Brigden, in her lifetime, intended to release the defendant from any claim for contribution which might thereafter arise, as well as from that which already existed, but, as has been suggested, no such inference can fairly be drawn from the evidence as it now stands. There is not an intimation that any further demand from the estate of her father was anticipated when she released the defendant, and therefore neither court nor jury can say that such a demand was within the contemplation of her release. But, on the contrary, the inference might be drawn with equal propriety that, had she known there was an additional sum to be paid in order to balance up her indebtedness to the estate, she would have insisted upon the defendant's contributing some portion of the entire amount, instead of releasing him from the payment of his quota of the $1,800. In whatever view may be taken of the case, but one conclusion can be reached, and that is that the verdict is not warranted by the evidence, and the error is therefore one which should be corrected by the trial court, even though no exception was taken to the charge, and no request made for a direction. Shearman v. Henderson, 12 Hun, 170; Lucus v. McEnerna, 19 Hun, 14; Kelly v. Frazier, 27 Hun, 314; Smith v. Insurance Co., 49 N. Y. 211. But this also seems to be a case where it is peculiarly appropriate that, as a condition of obtaining a new trial, the plaintiff should pay the costs of the former one. Bailey v. Park, 5 Hun, 41; Kelly v. Frazier, supra.