### HAIST v. BELL.

(Supreme Court, Appellate Division, Fourth Department.　December 18, 1897.)

1. CONTRACTS—SUBSTANTIAL PERFORMANCE—NEW TRIAL.

Where a building contract requires the builder to use pine, and instead· thereof he uses hemlock, it is error not to allow the owner, in an action against him on the contract, to show the relative values of the two materials, the difference in value between a house constructed of pine and one of hemlock, and the cost of replacing the hemlock with pine.

2. VERDICT—MOTION TO SET ASIDE.

Where the verdict is inconsistent with the evidence, a motion to set it aside, at the same circuit, upon the minutes of the justice, is proper, whether or not the party moves for a nonsuit, or requests that a verdict be directed in his favor.

Appeal from trial term, Erie county.

Action on a building contract by Edward R. Haist against Addie B. Bell. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed.

Plaintiff is a builder, and seeks to recover on a contract entered into with the defendant for a new dwelling house on her lot on Bouck avenue, in Buffalo. Plaintiff did not complete the work, and the defendant was obliged to employ another builder to finish the work.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Frank R. Perkins, for appellant.
Spaulding & Sullivan, for respondent.

HARDIN, P. J. In Lewis v. Yagel, 77 Hun, 337, 28 N. Y. Supp. 833, in considering a building contract, the court held:

"The right of recovery will not be forfeited by reason of technical, inadvertent, or unimportant omissions or defects; but where the defects are substantial and important, running through the whole work, and so essential that the purpose of the owner has not been accomplished, no recovery can be had under the contract." Also: "The person contracting for the erection of a building is entitled to have the contract at least fairly, if not strictly, performed; and the fact that a contractor furnishes a building as useful or of equal money value with the one called for by the contract is not sufficient to entitle him to recover his full compensation therefor, without regard to the provisions of the contract under which it was to be constructed."

The doctrine of the case from which we have quoted was approved in Van Clief v. Van Vechten, 130 N. Y. 579, 29 N. E. 1017.

In the contract and specifications the plaintiff was required to use pine. Instead thereof, he used hemlock in the cornices. When the witness Blouch was on the stand, the defendant offered to show "what it would cost, at the time he commenced work on the building, to have replaced this hemlock cornice with pine cornice." The court ruled against the offer, and an exception was taken. The witness testified: That some parts of the outside doors and window casings were pine, and "some parts were not. The blind-stop casings were not pine. There is a double casing. One is the outside casing, and the other is put in for a blind stop,—what we call a 'blind stop.'" After this testimony was given the witness was asked what it would cost to replace that with pine. An objection being made by the plaintiff, the court ruled that it was not competent, and the counsel for the defendant took an exception. The witness continued, "The recess where the doors slide in,—that was lined with hemlock, and not with pine." Then a similar offer was made as to what it would cost to replace, and the court made a similar ruling, and an exception was taken. Thereupon attention was called to the specifications, which provide, viz. "shall provide and put on ⅛-inch white pine grounds for all finished woodwork throughout the house." The witness adds: "That was not done. They were hemlock." And a similar offer was made, and a similar ruling was made, rejecting the offer, and an exception was taken. The witness, however, did state that the difference in value between the kind of pine mentioned and the hemlock used was about $10 per 1,000. The same witness was asked, "What would be the difference in the salable value of the house—in the market value of the house—as it is, and as it would have been according to the specifications?" This was objected to, and sustained, and an exception taken. Thereupon the following question was propounded: "How much would the house have been worth if it had been constructed according to the plans and specifications?" This was objected to, and sustained, and an exception taken. Thereupon the defendant offered to show "that these defects have damaged the market value of the house at least $500." This was objected to, and sustained, and an exception taken. The trial judge seems to have interpreted the ver-

dict as having found that the plaintiff "in fact substantially performed the contract," and he also adds, in his memorandum refusing a new trial, that, "having so determined, they should have found a larger verdict for the plaintiff." Their verdict was for only $442.50, and, according to the interpretation of the evidence made by the trial judge, it would have warranted a verdict in favor of the plaintiff "for $800 and over." The errors presented by the rulings and exceptions to which attention has been directed were prejudicial to the defendant.

2. In Shearman v. Henderson, 12 Hun, 170, it was held that "the fact that a defendant, upon the trial of an action before a jury, omits to move for a nonsuit, or to request that a verdict be directed in his favor, or to except to the submission of any particular question to the jury, does not prevent him from moving to set aside the verdict, as being founded on insufficient evidence, at the same circuit, upon the minutes of the justice before whom the action was tried." In the course of the opinion in that case, Talcott, J., says that Peake v. Bell, 7 Hun, 454, "is contrary to the cases in the court of last resort." In Lucas v. McEnerna, 19 Hun, 14, the case of Shearman v. Henderson, supra, was followed, and it was held "that the failure of the defendant to ask the court to direct a verdict in his favor did not estop him from moving to set aside the verdict as against the weight of evidence." In Kelly v. Frazier, 27 Hun, 314, it was held that a motion to set aside a verdict may be granted, "though no request for a nonsuit or the direction of a verdict was made at the trial." The opinion in that case is reported more at length in 2 Civ. Proc. R. 322. See, also, Picard v. Lang, 3 App. Div. 54, 38 N. Y. Supp. 229, opinion of Ward, J., and at page 56, 3 App. Div., and page 230, 38 N. Y. Supp., in opinion of Hardin, P. J.; Mitchell v. Rouse, 19 App. Div. 563, 46 N. Y. Supp. 523. The case of Kelly v. Frazier, supra, was cited with approval in Brigden v. Osmun (Cir. Ct.) 32 N. Y. Supp. 782, in the opinion of Adams, J. The trial judge had the power, and it seems to have been his duty, to have set aside the inconsistent verdict delivered by the jury. The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment and order reversed, and a new trial granted, with costs to appellant to abide the event. All concur.