### GLASER v. MICHELSON.

(Supreme Court, Appellate Term.   January 25, 1904.)

1. MASTER AND SERVANT—SERVANT'S INJURIES—EVIDENCE OF RELATION—SUFFICIENCY.

Evidence that plaintiff asked defendant's agent what he should do, and was told to go to the top floor and put up casings, and that he thereupon went and started to work on a brick arch which was there, and which broke under him so that he fell through, did not prove employment by defendant and masterful direction by him to plaintiff to work on a place which defendant was legally bound to provide as safe, where the uncontradicted evidence by the agent was that plaintiff was not employed by defendant, but by a carpenter doing the carpenter work.

2. APPEAL—QUESTIONS REVIEWABLE—SUFFICIENCY OF EVIDENCE.

On appeal from an order refusing a new trial the court may scrutinize all the evidence, and determine whether the verdict is not contrary thereto, although no motion was made at the close of the plaintiff's case, or after the evidence was all in.

Appeal from City Court of New York, Trial Term.

Action by Samuel Glaser against Sarah Michelson.   From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and DAVIS, JJ.

John E. Brodsky, for appellant.

Manheim & Manheim, for respondent.

MacLEAN, J.   The plaintiff alleged that he was employed to do carpenter work for the defendant, and that he was directed and required by the defendant to stand upon a defectively constructed and unsafe brick arch, which breaking precipitated him down through two floors, so that he suffered serious injuries through the defendant's failure of her duty to provide him a safe place to work.   Whatever

may be the impression upon mere perusal, these allegations upon scrutiny hardly amount to a statement of a cause of action, in that they do not show any relation between the parties compelling the plaintiff to obey any direction of the defendant, or making it the duty of the defendant to provide a place for the plaintiff to work. The cause of action was proven upon the trial by the plaintiff. He testified that he asked the defendant's agent what he should do now, and was told: "All the casings around the kitchen. Go up on the top floor and start to put up the casings. Take the casings to put them in the hallway, and finish them up." That, after being told, he went up to the top floor, and started to work. There was a brick arch there. After he stood on the brick arch, hammering, the brick arch broke under his leg, and he fell through. This did not prove the affirmative of the issues of the pleadings—employment for the defendant, and masterful direction to stand and work upon the uncovered arch, as in a place the defendant legally was bound to provide as safe. The plaintiff's evidence was quite compatible with his employment by a third party to do work for the defendant. In fact, it was testified by the defendant's agent that the plaintiff was not employed by the defendant at all, but by a contractor who had undertaken to do and was doing all the carpenter work on the building. This testimony was not contradicted or impeached. It was and remains quite consistent with all that the plaintiff said at the trial. If he was directed as he claims—and it is denied with circumstantiality—he was not beholden to obey. Although no motion was made at the close of the plaintiff's case, or after all the evidence was in, it is proper upon this appeal from the order refusing to grant a new trial to scrutinize all the evidence, and determine whether the verdict be not contrary to the evidence. Haist v. Bell, 24 App. Div. 252, 48 N. Y. Supp. 405. The order denying the motion for a new trial should be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.