HALLIBURTON v. CLAPP et al.

(Supreme Court, Appellate Division, First Department. January 24, 1896.)

1. ACCOUNT STATED.
    An account stated, acknowledging, absolutely and unqualifiedly, an amount due plaintiff's assignor, is not affected by a memorandum, at the foot thereof, "The above account is subject to an attachment" for a certain amount, in the suit of a third person against the assignor, where, at the time action is brought on the account, the attachment had been discharged.

2. SET-OFF—JOINT AND SEPARATE CLAIMS.
    A joint debt cannot be set off against a separate debt, in an action at law.

Appeal from court of common pleas, trial term.

Action by William S. Halliburton against Dwight O. Clapp and others. From a judgment on a verdict for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, WILLIAMS, PATTERSON, and O'BRIEN, JJ.

T. H. Dewey, for appellants.
W. S. Lewis, for respondent.

PATTERSON, J. This action was upon an account stated between the defendants and one Duke, the plaintiff's assignor. It was made out and delivered by the defendants to Duke, and accepted by him. It showed a balance of $7,460 due and owing by them to Duke, as of September 28, 1891. It is claimed by the defendant (appellant) that the new promise resulting from an account stated cannot operate or does not exist in this case, because, at the foot of the account, a memorandum was made which they construe as showing that there was no promise to pay. It is in the following words: "The above account is subject to an attachment of $7,106.25 in the suit of E. D. Butler v. R. J. Bass and B. L. Duke." This memorandum in no wise alters the legal character of the account stated, nor qualifies the implied promise. No incompleteness of the transactions embraced in the account is suggested, no offset or counterclaim intimated, and nothing left open between the parties. No right of the defendants' own, of any kind, to retain the balance admitted, or any portion of it, is alluded to. The acknowledgment that the whole amount is due is absolute and unqualified. There is merely a notification that present payment to Duke, personally, was prevented by the debt being arrested in the hands of the defendant on an attachment issued at the instance of a third party. The promise to pay still remains,— to pay the money to Duke, or to pay it on his account under the lien of the attachment. The defendants could not lawfully resist a demand for the amount of the balance. If the attachment were enforced, they were bound to pay that balance to the sheriff, as Duke's money. But, when the action on which the attachment was issued was dismissed, they were bound to pay such balance to the plaintiff. The character of the account not being changed by the addendum

to it, the defendants can take no advantage, in this action, of a defense under the alleged attachment; for nothing is set up or claimed, under it, in the answer.

The remaining question in the case arises on a counterclaim. The defendants set up a cause of action, also, on an account stated, under these circumstances, viz.: Certain business transactions with the defendants, who were provision brokers, were carried on by one Bass in the name of H. J. Bass & Co., which name, the defendants allege, was fictitious, and that the transactions were in truth those of the plaintiff's assignor, Duke. The dealings referred to were had before Duke became personally acquainted, or had personal relations, with the defendants. This account, kept in the name of Bass & Co., was made up, and showed a balance due the defendants, September 28, 1891, of $7,106.25. The defendants insist that Duke was, as matter of fact, solely responsible for the account. Duke, undoubtedly, did have some conversation in New York with one of the defendants respecting the Bass & Co. account, and correspondence between the defendants and Duke took place concerning it. The defendants' proof tended to show that it was a joint account of Duke and Bass, but both those persons denied they were jointly interested in it. It was then contended by the defendants that, if the joint interest did not exist (and they relied upon the denials of Duke and Bass to claim that it did not), enough appeared in the case to show that Duke was interested as principal in the account, and was liable, as such, for the whole of it. The defendants' version of the conversations in New York referred to, if true, would establish that Duke had some interest in the account; but he emphatically denies that they ever took place in the manner or to the effect claimed by the defendants. The issues as to the account being individual of Duke, or joint of Duke and Bass, were left to the jury, under instructions that, if they found that Duke alone was the interested party, the counterclaim must be allowed; but, if they found that Duke had no interest with Bass in the account, or if that account were a joint one of Duke and Bass with the defendants, there could be no recovery on the counterclaim. There seems to be nothing to criticise in the submission to the jury of these issues. On them, conflicting evidence was presented, and the jury found against the defendants. Concerning the instruction given on the subject of the counterclaim, that if the jury found it was based upon a joint debt it was unavailable in this action, the views expressed in Spofford v. Rowan, 124 N. Y. 108, 26 N. E. 350, fully sustain what was said by the court in this case, which was, in effect, that in an action at law a joint debt cannot be set off against a separate debt, or a debt of the latter description against a joint debt; and it can only be done in equity, where it is necessary to save the claim of a party; and then the facts must be alleged upon which the party seeking to enforce the debt relies for equitable relief.

The judgment and order denying the motion for a new trial are affirmed, with costs. All concur.