(3 App. Div. 51.)

### PICARD et al. v. LANG et al.

(Supreme Court, Appellate Division, Fourth Department.　March 14, 1896.)

1. COUNTERCLAIM—JUDGMENT.

　In an action against a husband and wife on her note indorsed by him, which, with certain money, he gave plaintiff for a horse which plaintiff sold and warranted to him,—the jury having found that delivery of the note to plaintiff was without consideration, and that plaintiff was liable for breach of warranty pleaded by the male defendant by way of counterclaim,—damages should not have been awarded to both defendants, but only to the male defendant; and, as to the female defendant, the complaint should have been merely dismissed.

2. NEW TRIAL—MOTION FOR JUDGMENT.

　Though one does not move for nonsuit or direction of verdict, or except to the charge, he may, on motion for new trial on the minutes, have such judgment as, on the evidence, pleadings, and verdict is proper.

3. APPEAL—MODIFICATION OF JUDGMENT.

　Where, in an action against the principal and surety on a note given for the purchase of a horse, a counterclaim is set up by the principal for breach of warranty, and a verdict and judgment in excess of the note is, through inadvertence, rendered on the counterclaim for both defendants, the judg-

ment on appeal will be merely reversed in as far as it grants affirmative relief to the surety, and affirmed as to the principal, without granting a new trial.

Appeal from circuit court, Monroe county.

Action by Abraham Picard and others against Rosa Lang and husband. From a judgment for defendants, and an order denying a new trial, plaintiffs appeal. Modified.

This action was brought upon a promissory note made by the defendant Rosa Lang, payable to the order of the plaintiffs (appellants), for the payment of the sum of $130, with interest, two months after date, the date being the 9th day of December, 1890. This note was indorsed by the defendant Fred W. Lang, and delivered to the plaintiffs as part payment upon the purchase of a horse that Fred W. Lang had made of the plaintiffs; $50 being paid by him to the plaintiffs at the time of the purchase. The defendants are husband and wife. The defendants answered separately; the husband, Fred W. Lang, alleging that upon the sale the plaintiffs represented and warranted the horse to be sound and healthy in all respects, without flaw or blemish, and, relying upon said warranty, he purchased the said horse; that in fact the horse was unsound, was lame, and had a disease known as the "side bone," rendering him practically worthless; that he had rescinded the sale, and offered to return the horse to the plaintiffs, who had refused to accept him; and further answering that the note was without consideration, and void, as it was given for the said horse, and, in addition thereto, the said defendant paid the said plaintiffs $50 in cash. Further answering, the said defendant alleged that he suffered damages by reason of the premises, and by reason of expenses he had been put to in consequence of the breach of said warranty, in the sum of $100, for which he demanded judgment against the plaintiffs, by way of counterclaim. The defendant Rosa Lang interposed the same answer as her husband, except as to the counterclaim. The cause was tried at the Monroe circuit, in January, 1893, before a jury, and the jury rendered a verdict for both defendants in the sum of $81.30. The trial court charged the jury that, if they rendered a verdict for the plaintiffs, it should be for the amount of the note and interest; if for the defendants, they were entitled to a verdict for the $50 paid by the defendant to the plaintiffs upon the sale of the horse, and the interest to the time of such trial. The defendants gave evidence tending to show the unsoundness set forth in their answer, and, in attempting to cure the horse of such unsoundness, they (the defendant Fred W. Lang) had expended about $25 or $30, which was specified in detail. The plaintiffs admit the making of the warranty as claimed by the defendants, and the only question was whether there had been a breach of that warranty. Upon the coming in of the verdict, the court entertained a motion of the plaintiffs upon the minutes for a new trial, the ground of such motion being upon exceptions taken by the plaintiffs upon the trial, and because the verdict was excessive in amount, and because it was contrary to the evidence, contrary to the law, and against the weight of the evidence. The court denied the motion for a new trial upon the minutes; and from the judgment entered upon the verdict, and the order denying the motion for a new trial, the plaintiffs appealed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

Cassius C. Davy, for appellants.
Wm. F. Rampe, for respondents.

HARDIN, P. J. From the pleadings and from the evidence offered at the trial, it is apparent that the female defendant executed her promissory note to the order of her husband, the male defendant, and that he indorsed the same, and used it in consummating the purchase from the plaintiffs of a horse at the price of $180; delivering simultaneously with the note of $130 so made and indorsed the sum

of $50, in full payment for the horse so purchased. The note is not set out in the appeal book. The evidence satisfactorily established the fact that the male defendant was the purchaser of the horse, and entered into the contract with the plaintiffs which was consummated by the delivery of the note and the $50. It is very apparent that the warranty of the horse disclosed by the evidence ran to the male defendant. In his answer there is a counterclaim set up in connection with the averment of a breach of the warranty made by the plaintiffs at the time of the sale of the horse. The evidence given at the trial satisfactorily established the warranty, and it also presented a question of fact for the jury to determine,—as to what damages the male defendant had suffered. Evidently the jury were of the opinion that the note on which the plaintiffs counted was without consideration, and that the male defendant was entitled to recover back the money which he had paid, to wit, $50, and the interest thereon, and was also entitled to receive damages by reason of the breach of contract of warranty. Apparently the circuit judge, in delivering his charge, failed to discover that there was not any counterclaim set up in the answer of the female defendant. The evidence does not disclose that any counterclaim existed in her behalf. The evidence does disclose that it exists in behalf of the male defendant. Inasmuch as his liability was a several liability, it was competent for him to set up a defense which should extinguish the cause of action relied upon by the plaintiffs, as well as to set up a counterclaim in virtue of a contract of warranty which ran from the plaintiffs to him. There is nothing in the case to indicate any right in the female defendant to enforce a counterclaim. It seems to be erroneous to allow the female defendant to recover damages upon a contract which she was not a party to, or to recover upon a counterclaim which she has not set up in her answer. Spofford v. Rowan, 124 N. Y. 108, 26 N. E. 350; Halliburton v. Clapp (Sup.) 36 N. Y. Supp. 1041.

Although there was no motion for a nonsuit or for the direction of a verdict, or exception to the charge delivered by the judge, it was in the power of the court, upon a motion for a new trial made upon the minutes, to direct such judgment as, upon the evidence and the pleadings and the verdict, was proper. Such omissions do not prevent the party from moving to set aside the verdict as being "founded on insufficient evidence." Shearman v. Henderson, 12 Hun, 170, approved and followed in Lucas v. McEnerna, 19 Hun, 16. It is competent for this court to make such an order, in reviewing the motion for a new trial made upon the minutes, as might have been made by that court. It seems, under the circumstances of this case as now presented, the judgment as to the male defendant should be affirmed, with costs, and the judgment modified as to the female defendant by striking therefrom the award of damages in favor of the female defendant, and directing that the complaint as to the female defendant be dismissed, and that such modification be made without costs of the appeal to either the plaintiffs or the female defendant. Code Civ. Proc. § 1317; Altman v. Hofeller, 83 Hun, 429, 31 N. Y. Supp. 881; Goodsell v. Telegraph Co., 109 N. Y. 147, 16 N. E. 324; Petrie v. Williams, 68 Hun, 597, 23 N. Y. Supp. 237.

Judgment as to Fred W. Lang affirmed, with costs, and the judgment as to Rosa Lang modified by striking therefrom the award of damages in her favor, and directing the complaint as to her to be dismissed, and the judgment as so modified, as to her, is affirmed, without costs to her or to the plaintiffs.

WARD, J.   The exceptions taken upon the trial are without merit, and need not be considered.   The damages awarded by the jury, so far as the defendant Fred W. Lang was concerned, were not excessive.   They were made up of $56.30, being the $50 paid by the defendant Fred W. Lang to the plaintiffs upon the purchase of the horse, and the interest on the same, and a veterinary surgeon's bill incurred by the defendant Fred W. Lang, and medicines procured by him, in a proper attempt to remove the disease and cure the horse of the lameness which the jury found existed at the time of the sale; the surgeon's bill and medicines amounting to $25 or $35.

The remaining point made by the appellants is that the verdict and judgment in favor of the defendant Rosa Lang in connection with her husband (the other defendant) was erroneous, and this presents a serious question.   There were no exceptions to the charge of the court, or any request to charge, by either party; so that the charge of the court that verdict could be rendered for both of the defendants upon the counterclaim was not challenged by any exception of the plaintiffs upon the trial.   The correctness of the verdict in favor of the wife was, perhaps, challenged upon the motion for a new trial upon the minutes.   No reason seems to exist why the defendant Rosa Lang, who was in fact a surety upon the note in controversy, and who had advanced nothing upon this purchase, and had suffered no damage by reason of the transaction, should recover damages as by way of counterclaim, none being alleged in her answer. Had the attention of the trial court been properly called by the plaintiff to this matter, the court undoubtedly would have instructed the jury that, while the defendant Rosa Lang might be relieved altogether from her note, still, if the affirmative relief was granted by way of damages and counterclaim, the other defendant alone was entitled to it.   That was not done, and the question here is whether the plaintiffs can avail themselves of the error thus committed upon the trial, upon this review.   This court has the power and it is its duty to inspect the whole record, and to correct every substantial error which is disclosed by the examination, though not specifically pointed out by exception (Standard Oil Co. v. Amazon Ins. Co., 79 N. Y. 510; Mandeville v. Marvin, 30 Hun, 282; Lattimer v. Hill, 8 Hun, 171; Maier v. Homan, 4 Daly, 168; Baylie, New Trials, 125); and the omission of the defeated party to move for a nonsuit, or to request that a verdict be directed in his favor, or to except to the submission of any particular question to the jury, does not preclude him from moving to set aside the verdict on the minutes of the judge presiding at the trial, upon the ground that the evidence was insufficient or that the verdict was contrary to law, and, I think we may assume, as to any of the other grounds specified in section 999 of the Code of Civil Procedure (Shearman v. Henderson, 12 Hun, 170;

Lucas v. McEnerna, 19 Hun, 14; Tate v. McCormick, 23 Hun, 218; Kelly v. Frazier, 27 Hun, 314).

As no authority seems to exist in the law for this judgment in favor of the wife, Rosa Lang, it must be reversed as to her. There was evidence sufficient to go to the jury upon the question as to the unsoundness of the horse, and to sustain the counterclaim alleged by the defendant Fred Lang to the extent of the damages awarded by the jury, and the judgment should therefore be affirmed as to him. The power of this court is ample to make such a disposition of the case. Code Civ. Proc. § 1317; Schoonmaker v. Bonnie (Sup.) 3 N. Y. Supp. 492; Simar v. Canaday, 53 N. Y. 298.

Judgment directed as recommended in the memorandum herein of HARDIN, P. J.

FOLLETT, ADAMS, and GREEN, JJ., concur.