HENRY ZIPP, Respondent, *v.* FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellant.

*Bond conditioned to pay for materials used in the execution of a city contract — coal used in generating steam, held to be covered by it.*

Coal consumed in boilers used in generating steam power, which was essential to the performance of a contract to do certain city work in the construction of a retaining wall, is material furnished " in or about the execution of such contract," within the meaning of a bond given to secure the faithful performance thereof, which was conditioned that the contractor should " well and truly pay for all material used and services rendered in the execution of such contract," and that any person " furnishing material or rendering services in or about the execution of such contract may maintain an action to recover for the same against the obligors * * * as though such person were * * * named therein."

APPEAL by the defendant, the Fidelity and Deposit Company of Maryland, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 17th day of October, 1901, upon the verdict of a jury rendered by direction of the court.

*Thomas C. Burke,* for the appellant.

*Charles H. Ribbel,* for the respondent.

SPRING, J. :

In the early part of 1900, one Louis Kriess, Jr., entered into contracts with the city of Buffalo whereby for certain prices specified he agreed to construct a retaining wall across Evans slip on Erie street, in said city. As security for the performance of the said work, and the payment of those who performed services or furnished materials in its construction, the defendant, a foreign corporation, engaged in the business of guaranteeing the performance of contracts, duly executed on behalf of said Kriess its bond under seal bearing date May 22, 1900, to the city of Buffalo pursuant to section 478 of the charter of the city of Buffalo (Laws of 1891, chap. 105) as amended by chapter 577 of the Laws of 1899.

The condition of the obligation insured the fulfillment of the contracts by Kriess, and provided that if he " shall well and truly perform all the labor and furnish all the material necessary to fully

complete the work or improvement therein contemplated ; and shall well and truly pay for all material used and services rendered in the execution of such contract, then this obligation shall be void."

Said bond contained a further clause that any person " furnishing material or rendering services in or about the execution of such contract may maintain an action to recover for the same against the obligors * * * as though such person * * * were named therein."

During the progress of the work two boilers and engines were used for excavating the rocks, stones and earth and for pumping the water from the slip. The plaintiff at the request of the contractor Kriess furnished 150 tons of coal for which the latter agreed to pay $479.48, and of which there remains unpaid the sum of $279.48 to recover which this action was brought. The coal was used as fuel in the boilers to create power, and there is no dispute over the items of the bill or the fact that it was furnished to Kriess and at his request to carry on the work. The defendant, however, contends that the claim of the plaintiff is not within the strict terms of its contract.

In the interpretation of a bond or contract of this kind it is to be construed in view of the work to be performed and the circumstances surrounding its execution and by the same rules which govern in the construction of any other agreement. (*Ulster County Savings Inst.* v. *Young*, 161 N. Y. 23, 30 ; *Gamble* v. *Cuneo*, 21 App. Div. 413.)

The contractor had entered into an agreement with the city of Buffalo which required blasting and cutting out rocks. The generation of power was essential in the performance of the contract, and when the defendant became responsible for the payment of " all material used and services rendered in the execution of such contract," it might have expected that fuel was to be consumed in the undertaking. The coal used entered into the execution of the agreement and formed a part of the value of the work done as much as the labor of the masons or of the men who aided in hoisting the stones into position to make up the wall. The materials used need not be a permanent constituent of the structure itself, but must be necessarily incident to the execution of the agreement, to come within the purview of the defendant's contract, and the coal consumed in carrying on the work is of that character.

The defendant's agreement was entered into to secure the performance of the contract by Kriess and evidently to protect the city against any liens by materialmen or laborers. It contemplated the performance of the contract by Kriess, and whatever fairly comes within the compass of that work is also within the scope of the defendant's contract. Under the Mechanics' Lien Law we apprehend a lien would attach for fuel furnished under the circumstances here shown. (*Hazard Powder Co.* v. *Byrnes,* 12 Abb. Pr. 469; *Gallagher* v. *Karns,* 27 Hun, 375.)

It is significant to note that the bond, following the wording of the statute authorizing it (Laws of 1899, chap. 577), permits the action to be maintained for materials furnished or services rendered "in or about the execution of such contract." Clearly the coal, which was the fuel in producing the power to do the blasting and pumping, is within the language of that condition, for it was both in and about the execution of the agreement.

The judgment should be affirmed, with costs to the respondent.

McLENNAN, WILLIAMS, HISCOCK and DAVY, JJ., concurred.

Judgment affirmed, with costs.