EDWARD P. BEALS and Others, Respondents, *v.* FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellant, Impleaded with LOUIS KREIS, JR.

*Bond to pay for "materials" used in the erection of a retaining wall — it does not cover tools and implements used in and surviving its construction — correction by the Appellate Division of a material error committed in the direction of a verdict.*

Tools and implements which were used in the performance of a contract for the construction of a retaining wall and survived its performance, are not " materials " within the meaning of an undertaking conditioned that the contractor would "well and truly pay for all materials used and services rendered in the execution of such contract," and "that any person    *    *    *    furnishing material or rendering services in or about the execution of such contract " might "maintain an action to recover for the same."

The Appellate Division has power to correct a material error committed in the direction of a verdict, even if no specific objection thereto was taken at the trial, when it does not appear that anybody was misled by the failure to take such objection.

APPEAL by the defendant, the Fidelity and Deposit Company of Maryland, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Erie on the 4th day of November, 1901, upon the verdict of a jury rendered by direction of the court.

*Thomas C. Burke,* for the appellant.

*August Becker,* for the respondents.

HISCOCK, J.:

This action was brought under and upon a bond executed by the appellant as surety for one Louis Kreis, Jr., a contractor, to recover the value of certain articles furnished by plaintiffs to said contractor. A verdict was directed and a recovery allowed upon the ground

that the articles furnished were "materials" within the meaning of the bond executed. We think that this ruling was error calling for a reversal of the judgment.

Said Kreis entered into a contract with the city of Buffalo for the construction of a retaining wall across the head of Evans slip on Erie street in said city in January, 1900. The appellant, in accordance with law, as surety for said Kreis, executed an undertaking conditioned that he would "well and truly pay for all material used and services rendered in the execution of such contract," and "that any person * * * furnishing material or rendering services in or about the execution of such contract" might "maintain an action to recover for the same." The plaintiffs furnished to said contractor various articles to be used by him in performing said contract. They consisted of a few pounds of nails and screws, and in addition thereto of such things as shovels, wheelbarrows, manila rope, hose, mattocks, sledge handles, belting, wrenches, steam pipes, chains, axes, rubber boots, etc. The nails and screws and possibly some few other articles were actually used in and as part of the construction under contract. The great majority of the articles, however, were tools and implements which, while employed in doing the work in question, survived its performance and could be used upon other contracts.

While the undertaking under consideration is to be fairly construed with reference to protecting those for whose benefit the law required it to be executed, we think it is very clear that it did not cover the articles last mentioned. Its purpose was to afford protection to those whose labor performed the work under contract and to those who furnished material which entered into and became a part of, or was naturally consumed in or about the completion of, the work in question. That, however, is as far as its provisions go. Its terms are not broad enough under any reasonable construction to cover tools and implements. Unless the liability under the bond was almost unlimited, it would be unfair to those who furnished labor and material legitimately and naturally entering into the construction of a given piece of work, that the liability under the bond should be employed in paying for tools and materials which perhaps might be used upon a hundred contracts. If plaintiff's contention in this case is correct, that the defendant became liable to pay for

hand shovels used in and about the work, there is no reason why it would not have been liable if the contractor had seen fit, instead of purchasing a few hand shovels, to secure a steam shovel costing many hundreds of dollars. In the case of *Zipp* v. *Fidelity & Deposit Company* (73 App. Div. 20), referred to by respondent, this court held that a similar bond covered coal furnished for operating an engine used in performing certain work. Such material was fairly within the meaning of the language of the bond. The coal furnished in that case was actually consumed and used up in the performance of the contract. Its use was naturally and properly incidental to the performance of the work and might fairly be assumed to have been within the contemplation of the parties when the bond was executed.

Although the bond under consideration employs somewhat different language from that used in various statutes for the protection of mechanics and materialmen, still the construction placed by us upon it is fairly sustained by various cases which have construed such mechanics' lien laws. (*United States* v. *Morgan*, 111 Fed. Rep. 474; *May & Thomas Hardware Co.* v. *McConnell*, 102 Ala. 577; *Allen* v. *Elwert*, 29 Oreg. 443.)

It is urged that inasmuch as there were amongst the articles supplied by plaintiffs some which were actually used in the construction of the work, and inasmuch as defendant made a general request for the direction of a verdict at the close of the case and took a general exception to the disposition thereof made by the court, it is not in a position now to present the claim that some of the articles covered by the verdict were not materials.

We think that this court would have power to correct a material error committed in the direction of the verdict, even if there had not been a specific objection thereto at the trial, nobody being misled by such failure. (*Picard* v. *Lang*, 3 App. Div. 54; *Mandeville* v. *Marvin*, 30 Hun, 282.)

In this case, however, it is very evident from the remarks of the learned trial justice at the time when he directed the verdict, that it was perfectly understood that the question was being raised as to the allowance of the various articles, which it is now claimed were not "materials" within the meaning of the statute (Laws of 1897, chap. 418, art. 1, as amd.).

In accordance with these views the judgment should be reversed and a new trial granted, with costs to appellant to abide event.

McLENNAN, SPRING, WILLIAMS and DAVY, JJ., concurred.

Judgment reversed and new trial ordered, with costs to the appellant to abide event.