---

### ROMEO v. CHIANGONE et al.

(Supreme Court, Appellate Division, Second Department. May 12, 1908.)

1. APPEAL—RESERVATION OF GROUNDS OF REVIEW—MATTERS NOT CONSIDERED IN LOWER COURT.

In a proceeding to foreclose a mechanic's lien, where there was no evidence as to when the action was begun, and the case was tried on its merits without any suggestion that the lien had lapsed, it cannot be urged on appeal that the lien had lapsed because the action was not begun within three months from the time of filing the notice thereof, as required by Lien Law, Laws 1897, c. 418 (as amended by Laws 1902, c. 37), § 17.

2. MECHANICS' LIENS—FORECLOSURE—PLEADING—ISSUES—UNNECESSARY ALLEGATIONS.

No issue can be raised on an unnecessary or immaterial allegation in a pleading, and hence in mechanic's lien foreclosure proceedings, where the complaint alleged that the proceeding had been begun within 90 days from the filing of notice of lien, which is the time required by statute, no issue could be raised on that point by a denial of the allegation in the answer.

Hooker, J., dissenting.

Appeal from Westchester County Court.

Action by Antonio Romeo against Gaetano Chiangone and others. From a judgment confirming a referee's report, and an order denying a motion to set aside the report, certain defendants appeal. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Adrian M. Potter, for appellants.

William J. Wallin, for respondents.

Charles E. Otis, for defendant City of Yonkers.

GAYNOR, J. Section 17 of the lien law (chapter 418, p. 522, Laws 1897, as amended by chapter 37, p. 74, Laws 1902) provides that if a lien be for labor or materials on a public improvement it shall not continue longer than three months from the time of filing the notice thereof unless an action to foreclose the same shall be begun and a lis pendens filed therein within that time, "or unless an order be made by a court of record continuing such lien." The notice of lien was filed on November 12, 1904, and the complaint so alleges. The complaint also alleges that "this action was commenced within ninety days from the filing of the plaintiff's notice of lien." The complaint was sworn to on April 5, 1905. The denial in the answer of the appellants includes the paragraph of the complaint containing this allegation.

There is no evidence in the case of when the action was begun, nor was any question on that head raised during the trial in any

shape or form. The case was tried on its merits without any suggestion from beginning to end that the lien had lapsed. Therefore that question cannot be raised on appeal. The appellants having remained silent upon it before the trial court must continue to be silent upon it now. Not having spoken when they should have done so they may not do so now. This is too old a rule to dwell over.

Moreover, the answer does not plead as a defense that the lien had lapsed. The allegation in the complaint that the action was begun within 90 days after the filing of the notice of lien was an unnecessary allegation. Indeed, it is an allegation which a complaint cannot contain if the summons has not already been served. If the summons and complaint are issued together, as the usual practice is, the complaint cannot allege that the action was begun within 90 days after the filing of the notice of lien, any more than a complaint served with the summons could allege that the action was begun within any of the periods after the cause of action accrued, short or long, prescribed by the statute of limitations. And if an action be in fact begun within the three months, it would be entirely unnecessary for the complaint to allege that fact. Who would suggest that the complaint would have to be dismissed on the trial, or would be demurrable for not alleging it?

It does not make a difference that the unnecessary or impossible allegation of the complaint is denied by the answer. We must not oust the everyday and obvious rule of pleading, so recently applied by ourselves, that no issue can be raised on an unnecessary or immaterial allegation in a complaint or other pleading. Linton v. Unexcelled Fire-Works Co., 124 N. Y. 533, 27 N. E. 406; Brown v. Travelers' Life Ins. Co., 21 App. Div. 42, 47 N. Y. Supp. 253; Ubart v. Baltimore & Ohio R. Co., 117 App. Div. 831, 102 N. Y. Supp. 1000. There is some nice learning about an exception in a statute having to be negatived by the complaint, in order that a cause of action be stated, i. e., where the cause of action arises out of or rests on the exception; but we have no such case here. The statute does not contain an exception at all. There is a proviso, i. e., the statute enacts (sections 12 and 13) that the filing of a notice of lien creates a lien, provided, however (section 17), that if it be for work or material on a public improvement it shall not continue longer than three months unless by an order of court or by the commencement of an action to foreclose it. The proviso is even in a separate clause from the enacting clause, upon which some cases, in the nicety of their learning, rest as quite decisive. The case of Harris v. White, 81 N. Y. 532, has no point of resemblance to the present case. It serves for contrast instead of for comparison or precedent. The case of Rowell v. Janvrin, 151 N. Y. 60, 45 N. E. 398, is in point, and that of Ramsay v. Hayes, 187 N. Y. 367, 80 N. E. 193, is instructive of the opposite, i. e., of a case where a proviso did not exist—or an exception, either, for that matter. Section 1758 of the Code of Civil Procedure provides that the plaintiff is not entitled to a divorce if "the action was not commenced within five years after the discovery by the plaintiff of the offense charg-

ed"; but the complaint does not have to contain an allegation that the action was begun within such time; that it was not has to be pleaded as a defense in order to be availed of, even though the complaint alleges that it was and the answer denies such allegation. McCarthy v. McCarthy, 143 N. Y. 235, 38 N. E. 288.

The judgment should be affirmed.

Judgment of the County Court of Westchester county affirmed with costs. All concur, except HOOKER, J., who dissents.

HOOKER, J. (dissenting). This is an action to foreclose a mechanic's lien. The plaintiff was a laborer for the defendant Orio. Orio had a contract with the city of Yonkers, one of the other defendants, to pave a certain street within the limits of the city. The appellants, the defendants Chiangone and Delucio, were the bondsmen for Orio. Before the work under the contract was done, Orio refused to complete, and assigned his interest in and rights under the contract to these bondsmen, who undertook to complete the contract with the city of Yonkers. The defendant Raymond also had a claim for materials supplied for this work, but all of the parties agreed upon the trial that he should have his pay out of the money in the hands of the city yet unpaid to the contractor; and since the entry of judgment payment has been made to the defendant Raymond, agreeably to the understanding between all the parties. The other defendants are laborers who did the work for Orio and his assignees. Within the statutory time after the completion of the plaintiff's work, he filed a notice of lien against the moneys then due to the bondsmen, to whom the contract had theretofore been assigned by the defendant Orio. It is claimed that there was a large amount of money in the city's hands which was then due to the assignees of the contractor, and that the notice of lien was sufficient to impress upon those moneys a lien in favor of the plaintiff to pay him for the labor he had performed. The plaintiff's notice of lien was filed on November 12, 1904. The action was commenced by the service of a summons on the defendant Chiangone on the 13th day of February, 1905, and on the defendant Delucio on the 21st day of February, 1905; but the date of the service of the summons upon the defendant the city of Yonkers is not stated in the papers. The complaint alleged that the action was commenced within 90 days from the filing of the plaintiff's notice of lien.

The answer of the defendants Chiangone and Delucio denied that the action was commenced within 90 days from the filing of the plaintiff's notice of lien. The answer of the city admitted this allegation of the complaint, in that it did not deny it. The referee has not found that the action was commenced within 3 months after the filing of the notice of lien. There is no finding in this respect either way. The other defendants, the laborers, went to trial without having served any answers upon the appellants. When, during the course of the trial, they were sworn to show the amount of the services they had rendered in the work on this street, the appellants objected to the evidence on the ground that there was no issue sufficiently raised in that respect in that these defendants had

served no copy of their answer upon the appellants. These defendants, however, were allowed to file answers, and did so; but such answers not only actually denied the allegation of the plaintiff's complaint that the action was commenced within 90 days after the filing of the notice of the plaintiff's lien, but also failed to allege in the interest of the pleaders that such was the case.

The judgment which was entered provided that out of the moneys due from the city to the appellants, as assignees of the contract of Orio with the city, there should be paid, first, the Raymond claim (every one agreed, however, that this was a proper payment, and no fault is found with the judgment in that respect); second, that the plaintiff should be paid the amount of his labor; third, that the city of Yonkers should be paid for certain materials it furnished; and, fourth, that the 38 laborer defendants be paid the amount of their work. The real parties who are adversely affected by this judgment are, of course, the assignees of the contract, and they alone have appealed from the judgment.

It seems to me that the claim the appellants make that the judgment must be reversed because it does not appear that the action was commenced within 3 months after the filing of the notice of lien is sound. The statutory provision is as follows:

"Duration of Lien under Contract for a Public Improvement.—If the lien is for labor done or materials furnished for a public improvement, it shall not continue for a longer period than three months from the time of filing the notice of such lien, unless an action is commenced to foreclose such lien within that time. * * *" Lien Law, § 17.

The language of the statute under which the plaintiff and the laborer defendants claim to hold a lien against the moneys due from the city to the appellants is distinct in its provision that the lien shall have no validity beyond 3 months after filing unless an action is commenced to foreclose. Here we have an exception upon whose provision the plaintiff relies. The exception is embodied in the clause of the statute, and the plaintiff must plead and prove that he is entitled to its benefits, namely, that the action was begun within three months. Harris v. White, 81 N. Y. 532, 546; Rowell v. Janvrin, 151 N. Y. 60, 67, 45 N. E. 398. The plaintiff has pleaded the exception, but the allegation is denied by the appellants, and even by the laborer defendants. No proof was offered to sustain the allegation, and no finding was made in that respect by the referee. That the answer of the defendant the city of Yonkers admits the allegation of the complaint does not save the situation, for the interests of the city and those of the appellants are adverse, and, of course, one defendant cannot be bound or prejudiced by the allegations of a codefendant whose interests are adverse.

The time the action was commenced, and hence the very validity of the lien to foreclose which the action is brought, was an issue in the case, raised by the pleadings, and the burden was on the plaintiff. There is no finding and no evidence to meet this burden, and hence the judgment must be reversed as far as the plaintiff's claim is concerned. The claims of the laborer defendants provided

for in the judgment suffer from the same infirmity, and as to them it must likewise be reversed; and the city's claim is so closely allied, at least in its establishment, that it must fall with the balance of the judgment.

I advise that the judgment be reversed, and a new trial ordered before another referee; costs to abide the event.