(68 Misc. Rep. 372.)

### TROY PUBLIC WORKS CO. v. CITY OF YONKERS et al.

### WARREN v. SAME.

(Supreme Court, Special Term, Westchester County. July 12, 1910.)

1. MUNICIPAL CORPORATIONS (§ 373*)—PUBLIC IMPROVEMENTS—MATERIALS—LIEN FOR LABOR.

Under Lien Law (Consol. Laws, c. 33) § 5, giving a lien for the value or agreed price of labor performed or materials furnished for the construction of a public improvement, a lien may not be acquired for the use or rental of a steam shovel for use on the work, where the person claiming the lien did not perform any labor in connection with such use, though the implement was hired by the contractor specially for use on the work.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 913; Dec. Dig. § 373.*]

2. MECHANICS' LIENS (§ 5*)—STATUTES—CONSTRUCTION.

Though the lien law should be liberally construed as remedial in its nature, in favor of mechanics and other claimants within its scope, yet the construction must be kept within reasonable limits.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 3, 5; Dec. Dig. § 5.*]

3. MUNICIPAL CORPORATIONS (§ 373*)—LIEN FOR PUBLIC IMPROVEMENTS—ENFORCEMENT—LIMITATIONS—OBJECTIONS.

The objection that a lien claim for public improvements is barred under Lien Law (Consol. Laws, c. 33) § 18, because of lapse of three months after the filing of the notice of lien, must be pleaded to be available.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 913; Dec. Dig. § 373.*]

4. MUNICIPAL CORPORATIONS (§ 373*)—LIEN FOR PUBLIC IMPROVEMENTS—NOTICE OF LIEN—EFFECTS—AFFECTING.

Under Lien Law (Consol. Laws, c. 33) § 12, providing that a failure to state correctly the name of the contractor or subcontractor shall not affect the validity of a public improvement lien, an objection to the statement in a notice of lien based on the name of the contractor or subcontractor for whom the work was performed or to whom materials were furnished cannot be sustained.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 913; Dec. Dig. § 373.*]

5. PRINCIPAL AND SURETY (§ 143*)—DEFENSES AVAILABLE TO SURETY—BAR OF LIEN.

Where a surety of a contractor for a public improvement was made a codefendant in a suit to foreclose a lien, on money due from the municipality to the contractor or his successor in interest, the surety might urge, in answer to a claim of lien, that it was barred by Lien Law (Consol. Laws, c. 33) § 18, by the lapse of three months after the filing of the notice of lien.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 392; Dec. Dig. § 143.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. MUNICIPAL CORPORATIONS (§ 373*)—LIEN FOR PUBLIC IMPROVEMENTS—EN-
FORCEMENT—LIMITATIONS.

Where the notice of a lien was filed on April 20th, and the lis pen-
dens, filed on July 13th following, in an action by a third person to en-
force his lien, named the claimant in such notice as one of the defend-
ants, the claim was not barred by the three months' limitation prescribed
by Lien Law (Consol. Laws, c. 33) § 18.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig.
§ 913; Dec. Dig. § 373.*]

7. MECHANICS' LIENS (§ 114*)—ENFORCEMENT—ASSIGNMENT BY REPRESENTA-
TIVE OF ORIGINAL CONTRACTOR—EFFECT.

An assignment by the executrix of the original contractor to his
surety does not impair any liens for work performed for and materials
furnished to the contractor, where an assignment or a copy thereof was
not filed as required by Lien Law (Consol. Laws, c. 33) § 15, until after
the filing of the notice of lien.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 149;
Dec. Dig. § 114.*]

Actions by the Troy Public Works Company and by David Warren
against the City of Yonkers and others. Judgment directed.

Robinson, Martin & Jones, for plaintiff Troy Public Works Co.
William C. Kellogg, for plaintiff Warren.
Charles F. Wheaton, for defendant Yerks & Co.
Adrian T. Kiernan, for defendant Title Guaranty & Surety Co.
George C. Furman, for defendants O'Connell and others.
McLaughlin, Russell, Coe & Sprague, for defendant Bailey.

MILLS, J. The above are two actions brought each to foreclose
a lien upon certain moneys due from the city of Yonkers to George
I. Bailey or his successors in interest, he having died, under a con-
tract made by him with such city, through its board of water commis-
sioners, for the construction by him of a filtration plant for the wa-
ter supply system of said city. On the 20th of April, 1907, the con-
tract was made, and Bailey shortly entered upon its performance, but
died on March 28, 1908, leaving the work incomplete. His widow
was duly appointed his executrix, and thereafter, on August 31, 1908,
assigned to the defendant the Title Guaranty & Surety Company,
which was surety for Bailey upon such contract, all the interest of
the Bailey estate in and under the contract. The money due to Bailey
at his death, mainly in sums temporarily reserved under the contract,
but now available, was sufficient to pay all of the liens claimed. On
August 10, 1907, Bailey by written contract hired from the plaintiff
the Troy Public Works Company a steam shovel for use upon his
work under said contract with the board of water commissioners, for
the rental of $300 a month and payment of the freight charges both
ways upon the shovel. Under such contract of hiring, Bailey received
the shovel about October 1, 1907, used it with his own employés
in doing the work for a period of about six months, and, having com-
pleted such use of it, returned it to said plaintiff shortly before his
death. He paid to said plaintiff the sum of $700 on account of the
hire of the shovel. On August 8, 1908, said plaintiff duly filed a no-

tice of claim of lien upon said moneys under section 5 of the lien law (Consol. Laws, c. 33) for the balance of the hire of the shovel. Said plaintiff, on August 14, 1908, brought action to foreclose its alleged lien, and on that day duly filed therein notice of pendency of such action.

The plaintiff David Warren, in the other action above named, performed labor upon the works under the employment of Bailey, which labor extended until after Bailey's death. Thereafter Warren duly filed notice of claim of two liens, under said section, upon said moneys, for the amount due him for such labor, and thereafter, on July 13, 1908, began action to foreclose the same. The two actions, by consent of counsel, have been tried together. In each action several other persons who filed notices of claim of like liens were made parties defendant. Of such other defendants some answered, asserting their claims of lien, and others did not.

The first and main question to be decided is whether or not there can be a valid lien for the use or rental of a steam shovel used in the performance of a contract for a public improvement. Such a lien exists, if at all, under section 5 of the lien law, which gives a lien "for the value or agreed price of such labor or materials" performed or furnished for the construction of such public improvement. The definition here of the subject-matter of the lien, viz., "such labor or materials," is similar to that contained in section 3 of that law, which gives the ordinary mechanic's lien.

After examining the briefs submitted by the learned counsel and the authorities therein cited, and considering the matter, I conclude that a lien may not be acquired under either section for the use or rental of a tool or implement like a steam shovel, where the party claiming such lien did not perform any labor in connection with such use.

There appears to be no decision of any court in this state directly upon the point—at least my attention has not been called to any such.

In Beals v. Fidelity & Deposit Co., 76 App. Div. 526, 78 N. Y. Supp. 584, affirmed 178 N. Y. 581, 70 N. E. 1095, it was held that the term "materials" in a bond did not cover tools and materials "which, while employed in doing the work in question, survived its performance and could be used upon other contracts." 76 App. Div. 527, 78 N. Y. Supp. 585. The opinion of that court said:

"If plaintiff's contention in this case is correct that the defendant became liable to pay for hand shovels used in and about the work, there is no reason why it would not have been liable if the contractor had seen fit, instead of purchasing a few hand shovels, to secure a steam shovel costing many hundreds of dollars." 76 App. Div. 527, 528, 78 N. Y. Supp. 585.

It further stated, in substance, that its construction of the term "materials" is "fairly sustained by various cases which have construed such mechanics' lien laws" (76 App. Div. 528, 78 N. Y. Supp. 586), i. e., those using the same term. The opinion evidently makes the determining factor to be the fact that tools and implements survive the performance of the particular contract and can be used upon others.

In Schaghticoke Powder Co. v. G. & J. Ry. Co., 183 N. Y. 306, 76 N. E. 153, 2 L. R. A. (N. S.) 288, 111 Am. St. Rep. 751, is found a dictum confirming this view. In that case the Court of Appeals held that dynamite used in blasting rock for the construction of the roadbed of a railroad was material, and therefore the proper subject-matter of a lien under section 3 of the lien law. The opinion of that court said:

"The argument that dynamite is not a material, but a part of the contractor's plant which, like picks and shovels or mechanical appliances, are used in the performance of work, but are not considered materials furnished within the purview of the statute, seems to us inherently unsound. A steam shovel, an engine and boiler, picks, shovels, crowbars, and the like, are tools and appliances which, while used in the doing of the work, survive its performance and remain the property of their owner." 183 N. Y. 312, 76 N. E. 155, 2 L. R. A. (N. S.) 288, 111 Am. St. Rep. 751.

It would seem that at least the writer of that opinion believed that a steam shovel would not be material within the meaning of either section 3 or section 5 of the lien law, for the simple reason that it would survive the performance of the particular contract.

This construction of equivalent terms in a mechanic's lien law has been held by the decisions of the court of last resort in some of the other states, viz., in Maryland, in Basshor v. B. & O. R. R. Co., 65 Md. 103, 3 Atl. 285; and in Wisconsin, in McAuliffe v. Jorgenson, 107 Wis. 132, 82 N. W. 706 (as to the use of a well-boring machine).

The learned counsel for the plaintiff the Troy Public Works Company, the claimant as to this alleged lien, contends that the steam shovel here was hired from such plaintiff by the contractor especially for use upon this particular contract work, and that such fact constitutes a valid ground for holding such use to be "material" within the rule just recited; but I am not impressed that such contention is sound, although it is clear that such hiring was for such special purpose, and the fact will be so found.

None of the authorities cited by such counsel in his brief appears to warrant upholding this claim of lien.

Dixon v. La Farge, 1 E. D. Smith, 722 (April, 1854), cannot be regarded as of any great weight as an authority; but in that case the claimant furnished not only the hoisting apparatus, but the labor in the use of it. Here the plaintiff claimant furnished no labor whatever in the operation of the steam shovel.

In Griffin v. Ernst, 124 App. Div. 289, 108 N. Y. Supp. 816, the machinery was actually installed in the factory building for permanent use.

In Norton & Gorman Contract Co. v. Unique Construction Co., 195 N. Y. 81, 87 N. E. 777, while the use of the house-moving apparatus was doubtless an element, yet labor and materials in the ordinary sense were performed and furnished; and in Zipp v. Fidelity & Deposit Co., 73 App. Div. 20, 76 N. Y. Supp. 386, the coal, like the dynamite in the Schaghticoke Powder Company Case, supra, was actually consumed. While the lien law should be liberally construed as remedial in its nature, in favor of mechanics and other claimants within its scope, yet such construction must be kept within reasonable limits.

Thus, it was held in Uvalde A. P. Co. v. City of New York, 191 N. Y. 244, 247, 84 N. E. 83, that this very section 5 of the lien law cannot be construed so broadly as to cover money loaned to a contractor to be used and actually used by him in the performance of the contract work.

Upon the whole, therefore, I conclude that the weight of authority requires a decision that the plaintiff the Troy Public Works Company has not a lien for the hire of the steam shovel.

It remains to pass upon certain objections made by the defendant surety company to certain other claimed liens; that is, by the plaintiff Warren and other defendants.

The first of these objections is that the claim is barred by the lapse of the period of three months after the filing of the notice of lien, which period, by section 18 of the lien law, constituted the ordinary life of such a lien.

This objection is answered by the fact that such bar has not been pleaded here in opposition to any of the claims. This point appears to have been thus expressly decided by the Appellate Division of this department in Romeo v. City of Yonkers (2d Dept.) 126 App. Div. 402, 110 N. Y. Supp. 724. Moreover, it seems that this objection rests upon the date of the filing of the lis pendens in the action of the Troy Public Works Company, which was August 14, 1908; but the date of such filing in the Warren action appears to have been earlier, viz., July 13, 1908, and it would seem that the earlier date would determine the application of the statute of limitations, and, judged by that test, no claim of lien appears to be barred, except possibly one of the defendant Hutchinson for the amount of only $39.20.

The second objection is to the statement in the notice of lien of the name of the contractor or subcontractor for whom the work was performed or to whom the materials were furnished for the period after the death of the original contractor, George I. Bailey. Section 12 of the lien law provides that:

"A failure to state correctly the name of the contractor or subcontractor shall not affect the validity of the lien."

Therefore this objection cannot be sustained.

The next objection is that the court could not, upon the trial, allow a defendant who had not answered to serve an answer then and there and so assert his lien. This applies only to the lien claimed by the defendant Stazza for the amount of $13.50.

Whatever may be the merit of this objection, it is of no moment because the surety company, as a codefendant, must be permitted to urge, in answer to such claim, any possible objection, and this permits it to urge against such claim the three months' statute of limitations above recited. It appears, however, that his notice of lien was filed on April 20, 1908; and that the lis pendens in the Warren action, naming him as one of the defendants, was filed on July 13th of that year. Hence that claim was not barred by such statute.

Certain other objections to the form of some of the other notices of minor liens claimed are taken in the brief of the surety company;

but I am unable to pass upon them because I do not find copies of such notices among the papers submitted.

Applying the above conclusions to the facts as they appear to be established, the result is that the liens of David Warren, James J. O'Connell, Matthew Hutchinson, Nicholas Stazza, Tony Durone, and Yerks & Co. are proven and sustained; and none of the others is established.

Upon the trial the attention of the court was directed mainly to the issue as to the lien of the Troy Public Works Company, and the briefs submitted are largely devoted to that question. Both evidence and briefs as to the other claims of lien are meager; and, if it is thought that the court herein has misapprehended the case as to any of such other claims except those of Warren and Yerks & Co., the court will receive further memorandum of counsel respecting the same. For instance, the briefs are at variance as to the fact of service of answer, concerning some of the claims; but the court has inferred that such variance is due to one counsel having referred to one of the two actions and the other counsel to the other action. Doubtless it is enough if a given defendant answered properly in either action.

It does not seem that the assignment by the executrix of the original contractor to the surety company impaired any of the liens. Such assignment or a copy thereof was not filed as required by section 15 of the lien law until August 28, 1908, which was after the filing of all the notices of lien.

A decision in accordance with the above may be submitted and settled upon notice.