NEWARK CONCRETE PIPE COMPANY, Plaintiff, *v.* NATIONAL SURETY COMPANY, Defendant.

City Court of New York, New York County, March 16, 1928.

**Municipal corporations — contractor's bonds — defendant gave bonds as surety providing they should be undertaking for benefit of materialmen having claims in event contractor did not perform contract — plaintiff, as materialman, has right of action on bonds — assignment of contract did not affect plaintiff's rights.**

Bonds given to a village by a surety company as surety with a contractor in connection with work to be performed and materials furnished for improvements, providing that if the contractor fails to carry out his contract the bonds

shall be " for the benefit of any material man  *  *  *  having a just claim," give plaintiff herein, who delivered material and performed labor for the contractor, a right of action thereunder and this motion to dismiss the complaint in the action must be denied.

The fact that the contract was assigned did not destroy plaintiff's right of action since the assignee was duly substituted as principal in the bonds with the consent of the surety and of all other persons concerned.

MOTION by defendant to dismiss complaint in action on bond to recover for materials delivered and labor performed for assignee of original contractor.

*Pellet, Fay & Rubin,* for the plaintiff.

*Conway, Kellogg & O'Brien* [*Thomas F. Conway* of counsel], for the defendant.

RYAN, J.  The defendant surety company gave to the village of Freeport, in connection with some work to be performed and materials furnished for improvements to a certain sewerage system, its two bonds as surety with the Riverdale Construction Company, Inc., the contractor on said work, as principal.  These bonds provided that if the said contractor shall carry out its contract with said village of Freeport and save it harmless from all claims " and shall pay all lawful claims of subcontractors, material men and laborers for labor performed and materials furnished in the carrying forward, performing or completing of said contract, we agreeing and asserting that this undertaking shall be for the benefit of any material man or laborer having a just claim, as well as for the obligee herein," then the bond shall be void; otherwise to remain in full force and effect.  Plaintiff delivered materials to and performed labor for the contractor to whom the said original contract had been assigned.  This labor so performed and materials so furnished were used in and about the work, the subject-matter of said contract, and carried forward, performed and helped complete said contract and were of the nature and kind included by intent, scope and express terms within the meaning of said bonds.  Said assignee was duly substituted as principal in such bonds with the consent of the surety and of all other persons concerned.  Defendant was paid and accepted the premiums upon said bond and now challenges plaintiff's right to recover thereon.  This case is rather similar to *Beals* v. *Fidelity & Deposit Co.* (76 App. Div. 526; affd., without opinion, 178 N. Y. 581).  There the bond also provided that any person furnishing material might " maintain an action to recover for the same," and a right of action against the surety pursuant to that provision was recognized and upheld.  *Zipp* v. *Fidelity & Deposit Co.* (73 App. Div. 20) was another action on a similar bond and recovery against the surety was upheld by a subcon-

tractor.   The case at bar is to be distinguished from *Fosmire v. National Surety Co.* (229 N. Y. 44), where the obligation of the surety was limited by its express terms to the obligee therein specifically named.   That this limitation was the pivotal fact of that case is declared in the opinion (on p. 47) where the court said: "We think the cause of action is in favor of the People solely  *  *  *.   In so holding, we put our decision upon the single ground that the bond, read in its entirety, is inconsistent with an intention that the plaintiff and others in like position should have the right to sue upon it.   If that intention is absent, the right to sue will be denied."   It is to be also noted that at page 48 the court said: "For the purpose of this opinion, we assume, without attempting to decide, that when such an intention is revealed, there is no legal obstacle in the way of its enforcement." It seems as if the bonds in suit were prepared with the *Fosmire* case in mind.   They contain language evidencing an intention to include persons in the position of this plaintiff and material and labor such as are the basis of the cause of action set forth in the complaint.   Motion to dismiss denied, with ten dollars costs. Defendant is allowed six days after service of a copy of the order herein, with notice of entry thereof, to serve an answer.   Order signed.