KNICKERBOCKER SLATE CORPORATION, Plaintiff, *v.* UNION INDEMNITY COMPANY and AMERICAN SURETY COMPANY, Defendants.

Municipal Court of New York, Borough of Manhattan, Third District, November 19, 1931.

*Otto A. Samuels,* for the plaintiff.

*Bernard J. Vincent,* for the defendant.

LEWIS, DAVID C., J.   The right of the plaintiff to recover against the defendants herein rests primarily upon the provisions of the bond executed by the defendants.   Although this bond was executed and delivered in conjunction with a certain contract procured by one William L. Mulroy from the board of education of Peekskill union free school district, town of Cortlandt, N. Y., it reads as follows: " Now if the said William L. Mulroy shall well and faithfully do and perform the things agreed by him to be done and performed according to the terms of said contract and shall pay all lawful claims of subcontractors, materialmen and laborers, for labor performed and material furnished in the carrying forward, performing or completing of said contract, *we agreeing and assenting that this undertaking shall be for the benefit of any materialman or laborer having a just claim, as well as for the obligee herein;* then this obligation shall be void; otherwise the same shall remain in full force and effect; it being understood and agreed that the liability of the Sureties for any and all claims herein shall in no event exceed the penal amount of this obligation as herein stated."   (Italics mine.)

A comparison of the specific wording of this bond with the language of the Court of Appeals in its opinion in *Fosmire* v. *National Surety Company* (229 N. Y. 44, at bottom of p. 47) emphasizes a difference in favor of the plaintiff.   Unless one is to attribute to the language of the bond an intention that the plaintiff as a materialman is to have a right to hold the surety company on this bond, it

is difficult to interpret the meaning of the words " we agreeing and assenting that this undertaking shall be for the benefit of any materialman or laborer having a just claim, as well as for the obligee herein." (See, also, *Newark Concrete Pipe Company* v. *National Surety Co.*, 131 Misc. 718, and *Beals* v. *Fidelity & Deposit Company*, 76 App. Div. 526; affd., 178 N. Y. 581.)

Motion for summary judgment is, therefore, granted.

Ten days' stay after the service of a copy of the judgment, with notice of entry.