FRIEDLANDER et al. v. CITRON et al.

(Supreme Court, Appellate Division, First Department. November 4, 1910.)

LANDLORD AND TENANT (§ 194*)—LEASE—CONSTRUCTION—FIRES—RENT—EX-
PRESS AGREEMENT—"BUILDING."

　A lease of the top loft of a building provided that if the premises leased should be injured by fire, but not rendered untenantable, they should be speedily repaired at the lessor's expense; but, if the damage should be

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

so extensive as to render the premises untenantable, the rent should be proportionately paid to the time of such damage, and should thereafter cease till they should be put in good repair; but, in case of such destruction of the "building" as to make it necessary to rebuild it, the rent should be paid up to the time of the destruction. *Held*, that the word "building," having its ordinary meaning, and referring to the whole building, and not merely to the leased premises, there was, in case of the destruction of the loft only, an express agreement that the rent should cease only till such premises were put in good repair, so that the provision of Real Property Law (Consol. Laws, c. 50) § 227, for surrender. without liability for subsequent rent, in the absence of express agreement to the contrary, in case of the leased premises being made untenantable, is inapplicable.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 788, 789; Dec. Dig. § 194.*

For other definitions, see Words and Phrases, vol. 1, pp. 889–892; vol. 8, p. 7593.]

Appeal from Appellate Term.

Action for rent by Marie Friedlander and another, as executors, against Nathan Citron and another. From an order of the Appellate Term (122 N. Y. Supp. 236), reversing an order of the Municipal Court, setting aside a verdict directed for plaintiffs, defendants by permission appeal. Affirmed.

See, also, 123 N. Y. Supp. 1116.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Benjamin E. Messler, for appellants.
Isaac H. Levy, for respondents.

MILLER, J. The defendants were lessees of the top loft of the plaintiffs' building. The lease contained the following provision, viz.:

"If the premises hereby leased shall be injured by fire or otherwise, but not rendered untenantable, the same shall be repaired with all proper speed at the expense of the lessor; but, if the damage shall be so extensive as to render the premises untenantable, the rent shall be proportionately paid up to the time of such damage, and shall from thenceforth cease until such time as the same shall be put in good repair; but, in case of such destruction of the building by fire or otherwise as to render it necessary to rebuild the same, and upon the payment of the proportional rent up to the time of such destruction, then and from thenceforth this lease shall cease and come to an end."

On the 16th of July, 1908, a fire occurred in said loft, which nearly destroyed, but did not get below, it. The defendants remained in possession, using their offices for two or three weeks thereafter, and then removed therefrom, and later removed their machinery on account of the repairs that were being made. On the 15th of September, the plaintiffs notified the defendants that the premises would be ready for occupancy on October 1, 1908, to which defendants replied, in effect claiming that by the terms of the lease it had terminated by reason of the fire, rendering the premises untenantable. This suit is to recover the October rent, which was due October 1st.

We have considered the many reasons, urged by the appellants, for the reversal of the order appealed from, but deem it necessary to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

refer herein to but one. It is urged by the appellants, first, that the word "building," in the eleventh clause of the lease above quoted, means "demised premises," and hence that the lease was to terminate upon the destruction of the demised premises; and, second, that if the word "building" is to be read in its usual sense, the lease does not provide for the contingency which happened, i. e., the destruction of the demised premises, and that, therefore, the statute (Real Property Law [Consol. Laws, c. 50] § 227) applies. That section of the statute is as follows:

"Where any building, which is leased or occupied, is destroyed or so injured by the elements, or any other cause, as to be untenantable, and unfit for occupancy, and no express agreement to the contrary has been made in writing, the lessee or occupant may, if the destruction or injury occurred without his fault or neglect, quit or surrender the possession of the leasehold premises, and of the land so leased or occupied; and he is not liable to pay to the lessor or owner, rent for the time subsequent to the surrender."

No doubt the statute applies unless the agreement expressly provides to the contrary. But the agreement provides for three contingencies: (1) Injury not rendering the premises untenantable; (2) damage (meaning, of course, injury) so extensive as to render the premises untenantable; (3) destruction of the building. We think that the word "building" is to be given its ordinary meaning. The lease plainly contemplated that, in case of the destruction of the building (and the consequent lapse of time necessary to rebuild), the tenant should not be required to wait until it could be rebuilt, and, indeed, that the landlord should not be obliged to rebuild a similar building, but that, upon the happening of that contingency, the lease should terminate. However, the second contingency is what happened. The demised premises were rendered untenantable. In such case, the statute would apply if the lease had not expressly provided that "the rent * * * shall from thenceforth cease until such time as the same shall be put in good repair," which, of course, means that the rent should cease only until that time. Having provided by contract for the contingency that happened, the contract must govern.

The determination should be affirmed, with costs. All concur.