(79 Misc. Rep. 24.)

GERSON et al. v. BLANCK et al.

(Supreme Court, Appellate Term, First Department. January 9, 1913.)

1. LANDLORD AND TENANT (§ 200*)—UNTENANTABLE PREMISES—FIRE—PAYMENT OF RENT—DUTY TO RESUME—"PUT IN GOOD REPAIR."

Defendants' lease provided that if the premises should be so injured by fire as to be untenantable the rent should be paid proportionately up to the time of the damage, and should from thenceforth cease until the premises should be put in good repair. The premises were rendered untenantable by fire on March 25, 1911, and on June 1st following plaintiffs offered to allow defendants to reoccupy the same. A new stairway, required by law to make the premises such that defendants could have lawfully continued their business thereon, was not completed until September, 1911. *Held*, that the words "put in good repair" meant "tenantable condition," and that defendants were therefore not liable for rent for the months of June and July.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 794–797; Dec. Dig. § 200.*]

2. LANDLORD AND TENANT (§ 211*)—INJURY TO BUILDING—REPAIR—DELAY.

Leased premises were rendered untenantable by a fire in March. They remained under the control of the public authorities for three weeks after the fire, during which all persons were forbidden to disturb existing con-

ditions, and defendants refused to permit the removal of the débris for a similar period until they had adjusted their insurance loss, when repairs were proceeded with and were finished in September. *Held*, that the landlords were not guilty of unreasonable delay in making the necessary repairs to restore the premises to tenantable condition.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 840–845; Dec. Dig. § 211.*]

3. LANDLORD AND TENANT (§ 211*)—REPAIRS—LABOR LAW.
Where rented premises were made untenantable by fire, the lessee was not entitled to complain that in making repairs the doors were so hung as to open outwardly, instead of inwardly, as required by the Labor Law (Consol. Laws 1909, c. 31) of the state, where there was no evidence that more space was taken in effecting the change than was necessary.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 240–245; Dec. Dig. § 211.*]

4. APPEAL AND ERROR (§ 153*)—RIGHT TO ALLEGE ERROR—WAIVER.
By consenting to the submission of certain false issues to the jury, plaintiffs did not waive their right of appeal on the ground that the jury's finding should be set aside on any of the grounds stated in Code Civ. Proc. § 999.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 953–956; Dec. Dig. § 153.*]

5. JUDGMENT (§ 596*)—RES JUDICATA—ISSUES.
Judgment in favor of tenants in an action by a landlord to recover rent for specified months, during which the premises were undergoing repairs made necessary by fire, was not res judicata against the landlord's right to recover rent for subsequent months.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1111; Dec. Dig. § 596.*]

Appeal from City Court of New York, Trial Term.

Action by Robert Gerson and others against Max Blanck and another. From a judgment for defendants, and from an order denying plaintiffs' motion for a new trial, plaintiffs appeal. Modified and affirmed.

Argued December term, 1912, before SEABURY, GUY, and GERARD, JJ.

Norwood & Marden, of New York City (Carlisle Norwood, of New York City, of counsel), for appellants.

Max D. Steuer, of New York City (Henry W. Unger, of New York City, of counsel), for respondents.

GUY, J. The plaintiffs appeal from a judgment in favor of the defendants in an action brought to recover rent for the months of June and July, 1911, of loft premises on the corner of Washington Place and Greene street, in this city, which were rendered untenantable by fire on March 25, 1911.

[1] On June 1, 1911, the plaintiffs offered to allow the defendants to reoccupy the demised premises. The evidence shows that a new stairway, which was required by law in order to make the premises such that the defendants could have lawfully continued their business on the premises, was not completed until September, 1911. Until that date the premises did not become tenantable, and the defend-

ants were not obliged to reoccupy them. The lease between the parties provided as follows:

"If the premises hereby leased shall be injured by fire or otherwise, but not rendered untenantable, the same shall be repaired with all proper speed at the expense of the lessor; but, if the damage shall be so extensive *as to render the premises untenantable*, the rent shall be proportionately paid up to the time of such damage, and shall from thenceforth cease until such time as same shall be put in good repair."

In Friedlander v. Citron, 140 App. Div. 489–491, 125 N. Y. Supp. 510, 512, Mr. Justice Miller writing the opinion, the court say:

"In such case the statute would apply if the lease had not expressly provided that the 'rent * * * shall from thenceforth cease until such time as the same shall be put in good repair,' which, of course, means that the rent should cease only until that time. Having provided by contract for the contingency that happened, the contract must govern."

Under this rule, there was but a single issue to be determined in the case, and that was whether the premises had been put in good repair in June or July, 1911. This is the issue which should have been submitted to the jury, if, indeed, it was proper to submit any issue to the jury in this case. Instead of submitting this simple issue to the jury, the court below, with the consent of both counsel, submitted the following questions:

First. Was there an unreasonable delay and failure to restore these lofts to their original condition?

Second. Was there an intentional deprivation of usable space in changing the doors to open outwardly as required by the Labor Law [Consol. Laws 1909, c. 31] of the state?

[2] As I read the evidence, it presented neither of these issues. Even if the premises were not ready for reoccupancy until September, 1911, it could not be held, in view of the fact that the premises had remained under the control of the public authorities for at least three weeks after the fire, during which time all persons were forbidden to disturb existing conditions, and in view of the fact that there is evidence that defendants refused to permit the débris to be removed for a similar period, until they had adjusted their insurance loss, that plaintiffs were guilty of unreasonable delay in making necessary repairs to restore the place to its former condition, so far as the same was permissible under the law.

[3, 4] There is no basis whatever in the evidence for the submission of the second question to the jury. The change of the doors so as to make them open outwardly, instead of inwardly, was required by the Labor Law of the state, and there is not a scintilla of evidence from which the jury would be justified in finding that more space was taken in effecting such change than was necessary in order to comply with the law. The lease must be presumed to have been made by both lessor and lessee, with a view to the due exercise of the police power of the state during the term of the lease, so far as the public safety might require. Both parties tried the case upon the artificial basis indicated in the propositions submitted to the jury, and counsel

for the plaintiffs consented that these issues be submitted, thereby conceding that there was sufficient evidence on these issues to call for their submission to the jury. But by consenting to the submission of these issues to the jury plaintiffs did not waive their right of appeal on the ground that the finding of the jury should be set aside on any of the grounds stated in section 999 of the Code. See Picard v. Lang, 3 App. Div. 51–54, 38 N. Y. Supp. 229.

I am of the opinion that the finding of the jury that there was unreasonable delay on the part of the plaintiffs in making the repairs, and an intentional deprivation of usable space in changing the doors to open outwardly, was entirely against the weight of evidence. It appears conclusively by the evidence that plaintiffs' contractor proceeded diligently with the work of reconstruction, so far as he was permitted to do so by the public authorities and by the defendants, and that the alleged deprivation of space was not intentional on the part of the plaintiffs, but was due to the requirements of the law in that regard. The proof establishes, however, that the premises were not "in good repair" in the months of June and July, which we understand to mean tenantable condition, such condition as would permit of their use by the defendants, without violation of law, for the purposes contemplated by the lease, and plaintiffs are not, therefore, entitled to recover rent for those months. So far, therefore, as the judgment has the effect of dismissing the complaint on the merits as to plaintiffs' claim for rent for those months, it must be affirmed, with costs.

[5] We have expressed our views thus at length because of the suggestion contained in the charge of the court below that the judgment rendered would determine as to the future liability of the defendants under the lease. We do not so understand the case. The present judgment, whatever may have been the theory upon which the case was tried by counsel, settles only the question as to whether or not these plaintiffs are entitled to rent for the months of June and July. In order, however, that no misunderstanding may arise in the future as to the meaning of this judgment, we think that the judgment appealed from should be modified, so as to state that the complaint is dismissed upon the merits as to the rent alleged to be due for the months of June and July, but without prejudice to the right of the plaintiffs to sue for rent which may subsequently become due after the premises have been "put in good repair."

Judgment modified, so as to read as follows: Ordered, adjudged, and decreed that the defendants, Max Blanck and Isaac Harris, copartners under the firm name of Triangle Waist Company, recover and have judgment against the plaintiffs, Robert Gerson, Louis E. Jacobson, and Samuel Jacobson, in the sum of $106.82, dismissing the complaint on the merits as to the rent alleged to be due for the months of June and July, 1911, but without prejudice to the right of the plaintiffs to sue for rent which may subsequently become due after the premises have been put in good repair, and that an execution issue therefor, and, as so modified, the judgment is affirmed, with costs. All concur.